EDWARDS, Judge.
Patsy Payne appeals a trial court judgment upholding a decision of the Board of Review of the Office of Employment Security denying her unemployment compensation benefits on the ground that she was terminated from her job for misconduct.
Appellant’s numerous specifications of error may be consolidated into two: 1) that since the Board of Review was not the trier of fact at plaintiff’s original hearing and did not see the witnesses or hear the testimony, the district court placed undue weight on the Board of Review’s findings, *608 and 2) that the evidence adduced at the original hearing does not support the Board of Review’s findings of fact.
Clearly, under LSA-R.S. 23:163o,[1] the Board of Review had the authority to review the record and arrive at a decision on its own.
In reviewing the facts of this case, we are limited by LSA-R.S. 23:1634 to a determination of whether the findings of fact are supported by sufficient evidence and free of fraud.
A careful review of the record discloses that substantial evidence, though not un-controverted, supports the Board’s findings of fact. Witnesses testified that Patsy Payne had, without permission and on more than one occasion, left her job for long periods of time and that she was at least partially at fault in a physical altercation with a fellow employee. We find that the Board of Review’s conclusions were based upon sufficient facts to be conclusive as a matter of law.
For the foregoing reasons, the trial court judgment is affirmed. No costs are to be assessed. LSA-R.S. 23:1548, 1692.
AFFIRMED.

. R.S. 23:1630 provides:
“The board of review may on its own motion, within fifteen days after the date of notification or of mailing of a decision of an appeal tribunal, initiate a review of such decision or allow an appeal to be filed by any party entitled to notice of such decision. An appeal filed by any such party shall be allowed as of right if such decision was not unanimous, or, if the determination was not affirmed by the appeal tribunal. Upon review on its own motion or upon appeal, the board of review may, on the basis of the evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct be taken, affirm, modify or reverse the ñndings and conclusions of the appeal tribunal. The board of review may remove to . itself or transfer to another appeal tribunal the proceedings on any claims pending before an appeal tribunal. Any proceedings so removed to the board of review prior to the completion of a fair hearing shall be heard by the board of review in accordance with the requirements of this Subsection with respect to proceedings before an appeal tribunal. The board of review shall make a determination and notify all parties of its decision, including its findings and conclusions in support thereof, within sixty days from the date an appeal is received or initiated by the board. Should the board of review, within sixty days from the date an appeal is received or initiated, direct that additional evidence be taken, the board of review shall make a determination and notify all parties of its decision, including its findings and conclusions in support thereof, within sixty days from the date it receives the additional evidence: Such decision shall be final unless within fifteen days after the mailing of notice thereof to the party’s last known address, or in the absence of such mailing, within fifteen days after the delivery of such notice, a proceeding for judicial review is initiated pursuant to R.S. 23:1634. Provided, that upon denial by the board of review of an application for appeal from the decision of an appeal tribunal, the decision of the appeal tribunal shall be deemed to be a decision of the board of review within the meaning of this Section for purposes of judicial review and shall be subject to judicial review within the time and in the manner provided for with respect to decision of the board of review, except that the time for initiating such review shall run from the date of notice of the order of the board of review denying the application for appeal.” (emphasis supplied)